UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LUCILLE A. SCOTT,<br><br>        Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | No. CV-05-267-CI<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR SUMMARY JUDGMENT<br>AND DIRECTING ENTRY OF<br>JUDGMENT FOR DEFENDANT |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 11, 14) submitted for disposition without oral argument on April 17, 2006. Attorney Norman R. McNulty, Jr., represents Plaintiff; Special Assistant United States Attorney Carol A. Hoch represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 4.) After reviewing the administrative record and the briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment and directs entry of judgment for Defendant.

Plaintiff, 62-years-old at the time of the date of last insured, completed GED requirements and had past work experience as

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 1

an independent bookkeeper. Plaintiff filed an application for Social Security disability benefits on August 29, 2002 / October 18, 2002, alleging disability as of December 2000, due to physical and mental impairments.  Following a denial of benefits at the initial stage and on reconsideration, a hearing was held before Administrative Law Judge Richard Hines (ALJ).  On November 17, 2004, the ALJ denied benefits; review was denied by the Appeals Council.  This appeal followed.  Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

**ADMINISTRATIVE DECISION**

The ALJ concluded Plaintiff met the non-disability requirements and was insured for benefits through December 2002.  (Tr. at 22.) Plaintiff had not engaged in substantial gainful activity and suffered from severe impairments which were not described but those impairments were not found to meet the Listings. (Tr. at 19.)  The ALJ noted Plaintiff had been treated for primary biliary cirrhosis of the liver, back and hip pain, fibromyalgia, osteoarthritis, colitis, menopause, arthritis of the thumb, small breast nodules, and depression under control with medication. (Tr. at 22.)  He concluded Plaintiff's testimony was not fully credible.  The ALJ determined Plaintiff had the residual capacity for a wide range of light and sedentary work, including her past relevant work as a bookkeeper.  (Tr. at 23.)  The ALJ concluded Plaintiff was not disabled.

**ISSUES**

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards.

Plaintiff contends the ALJ erred when he erroneously (1) found her mental impairments were not severe after rejecting the opinion of the examining psychologist; and (2) rejected her testimony of disabling pain without clear and convincing reasons.

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 3

42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

**ANALYSIS**

1.  <u>Step Two Mental Impairment</u>

Plaintiff contends the ALJ erred when he concluded her mental impairments were not severe in light of the diagnosis by Dr. Toews that Plaintiff suffered from a pain disorder associated with both psychological features and general medical condition. (Tr. at 347.) Defendant responds the ALJ was correct in relying on Dr. Toews' findings which were based on his independent clinical examination, that any mental impairment imposed only mild restrictions.

At step two of the sequential process, the ALJ must conclude whether Plaintiff suffers from a "severe" impairment, one which has more than a slight effect on the claimant's ability to work. To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone

will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). However, an overly stringent application of the severity requirement violates the statute by denying benefits to claimants who do meet the statutory definition of disabled. *Corrao v. Shalala*, 20 F.3d 943, 949 (9th Cir. 1994). Thus, the Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be not severe *only* when evidence establishes a "slight abnormality" on an individual's ability to work. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (citing Social Security Ruling 85-28). The ALJ must consider the combined effect of all of the claimant's impairments on the ability to function, without regard to whether each alone was sufficiently severe. *See* 42 U.S.C. § 423(d)(2)(B) (Supp. III 1991). The step two inquiry is a *de minimis* screening device to dispose of groundless or frivolous claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-154.

Following a referral by the agency and a statement during the administrative hearing by the medical consultant that Plaintiff suffered from somatization (Tr. at 358),[1] Dr. Toews conducted a

---

[1] The medical consultant, Dr. William Spence, referred to the fibromyalgia diagnosis as one of somatization, which he defined as generalized complaints of pain. (Tr. at 380.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 5

mental status exam and administered the MMPI-2. Dr. Toews noted Plaintiff reported reasonably good health until 1999-2000 when she began to suffer from chronic pain and fatigue due to osteoarthritis, fibromyalgia, and primary biliary cirrhosis. (Tr. at 344.) Dr. Toews noted Plaintiff was properly groomed, with normal speech, attention, concentration, judgment and insight, and exhibited a pleasant mood. (Tr. at 346.) MMPI-2 test results were valid with an elevated K scale indicative of an individual who "resists psychological explanations for difficulties, and tends to be conventional and conforming," as well as well-rounded, social, resourceful and independent. (Tr. at 346-347.) Dr. Toews noted Plaintiff's profile was consistent with somatization tendencies with no indication of depression or anxiety. (Tr. at 347.) Diagnoses included (1) somatization disorder, (2) pain disorder associated with both psychological features and general medical condition, (3) histrionic personality traits, and (4) a global assessment of functioning score of 62, indicative of mild limitations. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, FOURTH EDITION (DSM-IV), at 32 (1995). (Tr. at 347.)

A review of Plaintiff's medical record discloses medication treatment (Zoloft, Prozac, Wellbutrin) at different times for stress, secondary to situational financial pressures and a family tragedy. (Tr. at 121, 132, 306, 334.) However, there were no recommendations by treating physicians that Plaintiff seek mental health counseling or psychiatric treatment. In May 2004, medical records noted Plaintiff was not suffering from anxiety or depression. (Tr. at 337.) Thus, there is no objective medical evidence to support a finding of a severe mental impairment or one

which would result in more than minimal limitations encompased in a GAF assessment of 62. The ALJ did not err when he concluded Plaintiff did not suffer from a severe mental impairment.

2. Credibility

Plaintiff contends the ALJ's decision is not supported by substantial evidence and is based on legal error. Specifically, she contends the ALJ did not provide clear and convincing reasons for rejecting her testimony that she suffered from debilitating pain and fatigue. It is undisputed Plaintiff has been diagnosed with degenerative osteoarthritis in the left thumb (Tr. at 177), right hip (Tr. at 124), bursitis and chondromalacia of the patella with early osteoarthritis (Tr. at 174-75), moderately severe facet arthropathy causing mechanical low back pain (Tr. at 249), primary biliary cirrhosis (Tr. at 202), and a suggestion of chronic hepatitis (Tr. at 154). Thus, Plaintiff argues there is sufficient objective medical signs and laboratory findings to support complaints of pain and fatigue. Defendant responds the ALJ properly rejected Plaintiff's testimony, noting the ALJ relied on evidence that no functional limitations were assigned by treating physicians, Plaintiff engaged in "robust and self reliant" daily activities, and that she had improved with physical therapy, but had voluntarily discontinued such treatment.

In deciding whether to admit a claimant's subjective symptom testimony, the ALJ must engage in a two-step analysis. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Under the first step, see *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986), the claimant must produce objective medical evidence of underlying "impairment," and must show that the impairment, or a combination of

impairments, "could reasonably be expected to produce pain or other symptoms." *Id.* at 1281-82. If this test is satisfied, and if there is no evidence of malingering, then the ALJ, under the second step, may reject the claimant's testimony about severity of symptoms with "specific findings stating clear and convincing reasons for doing so." *Id.* at 1284. The ALJ may consider the following factors when weighing the claimant's credibility: "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [his/her] testimony and [his/her] conduct, [claimant's] daily activities, [his/her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). If the ALJ's credibility finding is supported by substantial evidence in the record, the court may not engage in second-guessing. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). If a reason given by the ALJ is not supported by the evidence, the ALJ's decision may be supported under a harmless error standard. *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990) (applying the harmless error standard); *Booz v. Sec'y of Health and Human Serv.*, 734 F.2d 1378, 1380 (9th Cir. 1984) (same). Here, there is no evidence of malingering; thus, the appropriate standard is clear and convincing reasons.

The ALJ found:

> And the claimant's *actual* treatment records (November 2003 to June 2004) show that despite her complaints of diffuse aches and pain, she has repeatedly had normal physical and range of motion examinations.
>
> . . .

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 8

> More importantly, despite her complaints of depression, she reported a variety of activities of daily living including taking care of the household chores, shopping, planning and preparing meals, and visiting with numerous friends whom she saw regularly, and doing handicrafts.
>
> The undersigned also notes that there has been no opinion evidence endorsing disability, but that there has been opinion evidence endorsing light and sedentary level work capacities. And there has been opinion evidence that has also questioned her diagnosis of fibromyalgia, and even by her own reports, exercising does help. A review of the claimant's various medical condition [sic] with medical expert at hearing revealed that indications of osteoarthritis are consistent with the natural age process of the lumbar spine with no radiculopathy, which the claimant has repeatedly denied. As for indications of arthritis of the thumb, this pertains to her non-dominant hand, and at hearing, she reported that she continued to sew and use her computer. Similarly, since being treated cirrhosis of the liver, there has been no further indication that this has been an active impairment.

(Tr. at 20.) The ALJ's reasons can be summarized as follows: no opinion by a treating physician that she was disabled; a questionable fibromyalgia diagnosis and no evidence cirrhosis was an active impairment; no radiculapathy associated with her spinal condition and normal range of motion studies; and daily activities inconsistent with disability.

In September 2000, Dr. Shaffer recommended Plaintiff cut back her work hours to half time because her fibromyalgia was not fully controlled due to stress. (Tr. at 131, 132.) Plaintiff was then tested for liver disease and found to be suffering from cirrhosis. (Tr. at 135.) Plaintiff reported her fibromyalgia was improved in November with Darvocet. It was recommended Plaintiff start an exercise program. (Tr. at 137.) In December, notes indicate Plaintiff's depression was controlled with Buspar. (Tr. at 138.)

In January 2001, medical notes indicate Plaintiff's complaints of gastroesophageal reflux and diarrhea were consistent with primary

biliary cirrhosis, as were the symptoms underlying the diagnosis of fibromyalgia. (Tr. at 281.) In May 2002, Plaintiff was evaluated for cirrhosis and it was found to be mild. (Tr. at 159, 187.) In August 2002, Plaintiff was treated for left knee pain; physical therapy was recommended and Vioxx prescribed. (Tr. at 175.) In December 2002, Dr. Carraher concluded Plaintiff could perform sedentary work, after finding the diffuse pain she complained about was more allodonia (pain felt everywhere as opposed to trigger points common to fibromyalgia) and somatoform pain disorder than fibromyalgia. (Tr. at 191, 380.) Dr. Carraher noted normal range of motion of elbows, hips, knees and ankles; he was unable to examine her shoulders due to diffuse pain, but muscle strength and sensation in the upper extremities was otherwise normal. (Tr. at 191.) A residual capacity assessment in March 2003 concluded Plaintiff could perform light work, relevant to establishing disability as of Plaintiff's alleged date of last insured, December 31, 2002. Additionally, as noted in this summary, there was only one medical record for treatment submitted between November 2000 and May 2002. (Tr. at 201.) The ALJ legitimately may consider discrepancies between a claimant's alleged limitations and the objective medical evidence. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

    The ALJ also relied on Plaintiff's report of daily activities. She attends water aerobics classes which help control the pain complaints. (Tr. at 377.) She walks the dog, fixes meals, washes dishes, takes care of personal hygiene, and sews. (Tr. at 378.) Plaintiff reported to Dr. Toews the following:

    Ms. Scott stated she is fully independent for basic self-

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 10

```
        case and that she has a full complement of independent
        living skills.    She retains the ability to drive,
        understands the rudiments of budgeting and is able to
        balance a checkbook. . . . She plans and prepares meals.
        She stated she has numerous friends she sees on a regular
        basis and enjoys visiting and entertaining.  She has no
        difficulty leaving the house for leisure and/or
        recreational activities.   She enjoys a wide range of
        handicrafts. She does some oil painting and stained glass
        work, stated she is artistically inclined and likes trying
        new things.  She does some gardening.   A typical day
        begins between 0715 and 0730 hours. She tends to personal
        hygiene, grooming, and has breakfast.    She does water
        aerobics, returns home to rest.   She uses ice on sore
        muscles.  She does dishes from the previous evening and
        rests in the afternoon. She usually retires between 2130-
        22:00.  She sleeps 5-6 hours.  Sleep is disturbed by pain,
        and she does not feel rested on awakening.
```

(Tr. at 346.)

Plaintiff's report of activities as described to Dr. Toews and noted by the ALJ is not consistent with disability, but more consistent with the sedentary exertional level associated with her past relevant work as a bookkeeper. The ALJ's reasons for rejecting her testimony were clear, cogent, and convincing and supported by the record; there was no error. Based on a residual capacity for sedentary work, the vocational expert testified Plaintiff could perform past relevant work as a bookkeeper as she performed it. (Tr. at 392.) Accordingly,

**IT IS ORDERED:**

1.  Plaintiff's Motion for Summary Judgment (**Ct. Rec. 11**) is **DENIED**.

2.  Defendant's Motion for Summary Judgment **(Ct. Rec. 14)** is **GRANTED.**  Plaintiff's Complaint and claims are **DISMISSED WITH PREJUDICE.**

3.  The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 11


Judgment shall be entered for Defendant and the file shall be **CLOSED.**

DATED May 19, 2006.

                    S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE